UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DARRELL CRANE                                                    CIVIL ACTION

VERSUS                                                           15-552-SDD-RLB

CARL CHILDERS, ET AL.

## RULING

This matter is before the Court on the *Motion to Dismiss*[1] filed by Defendants, Deputy Carl Childers ("Childers") and Captain Alden Thomasson ("Thomasson") or ("the Defendants"). Plaintiff, Darrell Crane ("Plaintiff"), has filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply.*[3]  For the reasons which follow, the Court finds that the Defendants' motion should be granted.

**I.   BACKGROUND**

Plaintiff alleges in his *Complaint* that, on August 4, 2014, he was stopped and searched by Thomasson, who removed illegal controlled substances from his pocket. Plaintiff further alleges that, during this encounter, he ran from Thomasson and evaded arrest by hiding in the woods.[4] On August 18, 2014, officers from the St. Helena Police Department and the Livingston Parish Sheriff's Office allegedly entered the residence at 2650 New Hope Church Road, Greensburg, Louisiana, where Plaintiff was discovered in

---

[1] Rec. Doc. No. 15.
[2] Rec. Doc. No. 19.
[3] Rec. Doc. No. 22.
[4] Rec. Doc. No. 1, ¶ 12.
30795

bed.[5]  The police officers allegedly rolled Plaintiff onto the floor and handcuffed him.[6] Plaintiff also alleges that Childers released his K-9 to attack him, which bit into Plaintiff's calf and injured his leg.[7]  Plaintiff contends this K-9 attack was in retaliation for Plaintiff's successful escape from Thomasson on August 4, who he alleges put a "hit" on him.[8] Plaintiff was then transported to a local hospital where it was determined that he needed orthopedic surgery for his leg injuries.  He was subsequently transported to Our Lady of the Lake Hospital where he underwent surgery on his injured leg.[9]

On August 19, 2015, Plaintiff filed suit against Defendants Childers and Thomasson, asserting claims under 42 U.S.C. § 1983 and Louisiana state law. Defendants Childers and Thomasson move to dismiss Plaintiff's *Complaint* for lack of service of process under Rule 4(e) and because Plaintiff's claims are prescribed.

## II.   LAW & ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[10]  The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[11]  "To

---

[5] *Id.* at ¶¶14-15.
[6] *Id.* at ¶ 15.
[7] *Id.* at ¶¶ 17-18.
[8] *Id.* at ¶ 19.
[9] *Id.* at ¶¶ 24-26.
[10] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).
[11] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
30795

survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[12] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[13] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[14] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[15] In order to satisfy the plausibility standard, the plaintiff must show "more than a sheer possibility that the defendant has acted unlawfully."[16] "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[17] On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[18]

---

[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[13] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[15] *Twombly*, 550 U.S. at 570.
[16] *Iqbal*, 556 U.S. at 678.
[17] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[18] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
30795

### B. Prescription

The Fifth Circuit has held that Section 1983 claims accrue "when plaintiff knows or has reason to know of the injury which is the basis of the action."[19]  Federal law determines when Section 1983 claims accrue, but state law determines the prescriptive period.[20]  Thus, Plaintiff's Section 1983 claims are subject to Louisiana's one-year prescriptive period.[21]  Plaintiff's Louisiana state law claims are likewise subject to a one-year prescriptive period pursuant to Article 3492 of the Louisiana Code of Civil Procedure.[22]

Defendants argue that all of Plaintiff's claims against Childers and Thomasson arise out of his arrest on August 18, 2014, during which he was allegedly injured by the K-9.  Under Louisiana law, Plaintiff had one year to bring these claims; however, Plaintiff's suit was not filed until August 19, 2015.  Thus, Defendants contend Plaintiff's claims are prescribed and should be dismissed.

Plaintiff concedes that his suit was not filed until August 19, 2015; however, Plaintiff argues that the doctrine of *contra non valentum* applies in this case because the Defendants' own delictual actions prevented the timely filing of Plaintiff's case.  Plaintiff argues that the two hour surgery he underwent on August 18, 2014 interrupted prescription.[23]  He also contends that he continued to be incapacitated in the days

---

[19] *Lavallee v. Listi*, 611 F.2d 1129, 1131 (5th Cir.1980) (quoting *Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir.1975)).
[20] *Burge v. Parish of St. Tammany*, 996 F.2d 786, 787 n. 1 (5th Cir.1993).
[21] *Id*.
[22] "Delictual actions are subject to a liberative prescription of one year.  This prescription commences to run from the day injury or damage is sustained."
[23] Rec. Doc. No. 19, p. 3.
30795

following his surgery (August 20-22, 2014) because he was prescribed a variety of medications.[24]

Louisiana courts have held that the remedy of *contra non valentum* is "an exceptional remedy recognized by our jurisprudence which is in direct contradiction to the articles in the Civil Code and therefore should be strictly construed."[25] Plaintiff relies on the Louisiana Supreme Court decision in *Corsey v. State Department of Corrections*[26] in support of his assertion of *contra non valentum*. The Court finds Plaintiff's reliance on *Corsey* severely misplaced.

The plaintiff in *Corsey* filed suit for personal injuries sustained while he was housed as a prisoner in a state penitentiary. The plaintiff suffered mental incapacity as a result of the injuries and "was unable because of the tort-caused mental incompetency to know he had a cause of action or to have the mental ability to pursue it" for a period of 13 months.[27] Because the plaintiff's mental incompetency was caused by the actions of the defendant, the Louisiana Supreme Court held that the plaintiff's mental incapacity was so severe that he did not know he had a cause of action for more than a year after he sustained the injuries. Thus, the *Corsey* court applied the doctrine of *contra non valentum* and extended the prescription period to when the plaintiff recovered from his mental incapacity.[28]

---

[24] *Id.* at p. 2.
[25] *LaPlaque Corp. v. Chevron U.S.A. Inc.*, 638 So.2d 354, 356 (La. App. 4th Cir. 1994).
[26] 375 So.2d 1319 (La. 1979).
[27] *Id.* at 1323.
[28] *Id.*
30795

Plaintiff's contends that, under *Corsey*, his lack of capacity for the two hour surgery he underwent on August 18, 2014, interrupted prescription for the entire day.  This is a vastly improper expansion of the *Corsey* holding.  Plaintiff's proposed interpretation would yield a myriad of judicial determinations that would directly undermine Article 3492 of the Louisiana Code of Civil Procedure.  If the Court adopted Plaintiff's reading of *Corsey*, every future plaintiff who undergoes hospitalization, surgery, or medication due to injuries allegedly caused by a defendant could claim an uncertain interruption of prescription. This would undoubtedly lead to limitless recalculations of the one year liberative prescription period for all actions governed by Article 3492.  Such a result would be in direct contravention of the general rule that *contra non valentum* is an "exceptional remedy" that should be "strictly construed."[29]

In this case, Plaintiff was aware of the sustained injury or damage on the date that he was arrested, bitten by the K-9, and sent to surgery.  Plaintiff argues that he "had no idea concerning the severity of his injury until he woke up from surgery on August 19, 2014."[30]  However, knowledge of the *severity* of one's injuries is not the legal trigger for prescription; rather, the law states that the prescriptive period commences to run from the day the injury or damage is *sustained*.  Plaintiff's *Complaint* makes clear he knew the date that his injury was sustained.  Plaintiff has offered no explanation how being in surgery for two hours on August 18, 2014 and subsequently given pain medication prevented him from filing this lawsuit within the prescriptive period on August 18, 2015. Plaintiff certainly

---

[29] *LaPlaque*, 638 So.2d at 356.
[30] Rec. Doc. No. 19, p. 2.
30795

does not allege that he was incapacitated on August 18, 2015, the last day to file suit. Unlike the *Corsey* plaintiff, Plaintiff Crane was not incapacitated for a period longer than one year. The Court finds that *contra non valentum* does not apply to the facts of this case, and Plaintiff's claims are prescribed. Accordingly, the Defendants' *Motion to Dismiss* should be granted.[31]

### III.   CONCLUSION

For the reasons set forth above, the Defendants' *Motion to Dismiss*[32] is GRANTED. Plaintiff's federal and state law claims are dismissed with prejudice for failure to state a claim.[33]

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on February 19, 2016.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[31] While Defendant Helena Police Department has not appeared in this matter, Plaintiff's Section 1983 against this Defendant have also prescribed.
[32] Rec. Doc. 15.
[33] The Defendants' 12(b)(4)&(5) motion to dismiss for insufficient service of process is moot.
30795